UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

TIMOTHY N. HATTON,                          )
                                            )
                    Petitioner,             )
                                            )
          v.                                )      No. 1:21-cv-02376-RLY-TAB
                                            )
WARDEN,                                     )
                                            )
                    Respondent.             )

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Timothy Hatton is an Indiana prisoner. He brings this habeas petition challenging his disciplinary conviction in Case No. NCF 21-07-0122. According to his disciplinary records, he lost privileges for 15 days but did not lose credit time or receive a demotion in credit-earning class. *See* dkt. 1-1, p. 4. The Court previously ordered Mr. Hatton to show cause why his petition should not be dismissed because it does not challenge the fact or duration of his custody. *See* dkt. 6. In response, Mr. Hatton argues that the Court should not dismiss his petition because he lost his work assignment and assigned living area, which has affected the conditions of his confinement. *See* dkt. 7.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). In other words, "a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief." *Id.* Typically, in the context of prison disciplinary proceedings, this means that to be considered "in custody,"

the petitioner must have been deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not imposed, the prison is "free to use any procedures it chooses, or no procedures at all." *Id.* at 644.

Mr. Hatton is not "in custody" for purposes of this habeas petition. Therefore, his habeas petition is **DISMISSED**. Final Judgment in accordance with this Order shall now issue.

**IT IS SO ORDERED**.

Date:      10/19/2021

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TIMOTHY N. HATTON
231193
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362